# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RICARDO RYAN LACROIX,**

    **Plaintiff,**

**v.**                                                    **Case No:   6:19-cv-565-Orl-41LRH**

**HILTON GRAND VACATIONS,**

    **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (LONG FORM) (Doc. No. 2)**
>
> **FILED:**     **March 21, 2019**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED WITHOUT PREJUDICE**.

**I.   BACKGROUND.**

On March 21, 2019, Plaintiff Ricardo Ryan LaCroix, who is proceeding *pro se*, filed a complaint for employment discrimination against Defendant Hilton Grand Vacations.  Doc. No. 1. He asserts retaliation in violation of 42 U.S.C. § 1981, hostile work environment, a violation of the American with Disabilities Act of 1990, 42 U.S.C. § 12112, *et seq*., and a violation of Title VII of the Civil Rights Act of 1964, 29 U.S.C. § 201, *et seq.*  *Id.* at 3.  Plaintiff alleges that Defendant

discriminated against him based on his race (he is African-American) and his perceived mental disability.  *Id.* at 4.  Plaintiff claims that Defendant's discriminatory acts include terminating his employment and retaliating against him.  *Id.*

In the complaint, Plaintiff alleges that he was employed by Defendant from January 3, 2017 through February 21, 2018 as a sales representative selling vacation packages to Defendant's members.  *Id.* ¶¶ 6–7.  He alleges that during his employment, Defendant changed the compensation plan.  *Id.* ¶¶ 9–10, 18.  In the complaint, he does not allege that this compensation plan was changed for discriminatory or retaliatory reasons.

Plaintiff also alleges that he would confront his supervisors regarding Defendant's refund policies.  *Id.* ¶ 10.  In the complaint, he does not allege that he was retaliated or discriminated against based on these confrontations.

Plaintiff also alleges that he was called into a supervisor's office in May 2017 and was interrogated regarding a member of management possibly having a relationship with an employee.  *Id.* ¶ 12.  Due to this interrogation, he "felt as if he was being targeted regarding issues he had nothing to do with," and thereafter, "Plaintiff endured much more retaliation and harassment."  *Id.* ¶¶ 12–13.  After the meeting, Plaintiff's team leader tried to coerce Plaintiff into seeking employment elsewhere.  *Id.* ¶ 14–15.  When Plaintiff began to look at alternative employment options, "his work environment became even more hostile due to the employer trying to force [him] to quit."  *Id.* ¶ 16.

Plaintiff alleges that he "continued to endure retaliatory conduct . . . until being fired on February 21, 2018," with coercive tactics employed by Defendant to force Plaintiff to quit rather than having to terminate his employment.  *Id.* ¶ 21.  For example, one of the team leaders would record Plaintiff on his cellphone.  *Id.* ¶ 22.  Therefore, Plaintiff began video recording his daily

activities while at work. *Id.* ¶¶ 23, 25. Defendant would tamper with his phone calls to prevent him from reaching his sales goals. *Id.* ¶ 24. Defendant also tried to "create a narrative indicating that the Plaintiff may have some type of personal or psychological issues that he was dealing with." *Id.* "Management and employees began asking the Plaintiff what was wrong and if he was okay as if to assume he was not in the correct state of mind." *Id.* ¶ 25.

On February 21, 2018, Plaintiff's supervisor asked if he was okay and escorted him to a room where he was met by an HR supervisor. *Id.* ¶ 26. The HR supervisor told Plaintiff that if he had personal issues, he should take a few days off and contact the employee help line if necessary. *Id.* ¶ 27. Plaintiff was provided a phone number and sent home. *Id.* On March 5, 2018, Plaintiff attempted to return to work and was denied entry to the building; the same HR supervisor then informed him that he had been terminated for job abandonment. *Id.* ¶ 28. On his way to his vehicle, Plaintiff was issued a trespass warning by the Orlando Police Department. *Id.* ¶ 29. Plaintiff alleges that he filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on March 5, 2018. *Id.* at 5.

Plaintiff applied for unemployment, which was initially denied because Defendant stated that Plaintiff was terminated for job abandonment. *Id.* ¶ 30. Plaintiff appealed that decision, and Plaintiff represents that the Appeals Referee agreed that, "How can you fire him for not showing up to work if you told him to take a few days off?" *Id.* ¶ 31. Thus, Plaintiff claims that Defendant's discriminatory animus and retaliatory tactics are clear. *Id.* ¶ 32. Plaintiff asserts four claims for relief: (1) retaliatory conduct in violation of 42 U.S.C. § 1981 (Count I); (2) hostile and abusive work environment (Count II); (3) violation of the ADA based on a perceived mental disability (Count III); and (4) discrimination in violation of Title VII and the ADA (Count IV). Doc. No. 1, at 13–14.

With the complaint, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Doc. No. 2), which the Court construes as a motion to proceed *in forma pauperis*. The matter was referred to the undersigned, and it is ripe for review.

## II.   STANDARD OF REVIEW.

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*. First, the Court must evaluate the plaintiff's financial status and determine whether he or she is eligible to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1). Second, once the Court is satisfied that the plaintiff is a pauper, the Court must review the complaint pursuant to § 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. *Id.* at § 1915(e)(2)(B)(i-iii).[1]  A complaint is frivolous within the meaning of § 1915(e)(2)(b) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR*

---

[1] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

*Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662.  Moreover, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

**III.     ANALYSIS.**

Upon review of the Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2), it appears that Plaintiff qualifies as a pauper pursuant to § 1915(a)(1).  However, Plaintiff's complaint (Doc. No. 1) fails to state a claim upon which relief may be granted.  I will address each of Plaintiff's claims in turn.

A.   42 U.S.C. § 1981 Retaliation (Count I).

"Under § 1981, an employer may not retaliate against an employee for engaging in a statutorily protected activity, such as filing a complaint of discrimination.  To prove retaliation, a plaintiff must show that (1) she engaged in statutorily protected activity, (2) she suffered a material adverse action, and (3) there was a causal connection between the protected activity and the adverse action."  *Hill v. SunTrust Bank*, 720 F. App'x 602, 608–09 (11th Cir. 2018) (citations and quotation marks omitted).[2]  "As with other statutory retaliation claims, such a claim under § 1981 requires that the protected activity involve the assertion of rights encompassed by the statute."  *Moore v. Grady Memorial Hospital Corp.*, 834 F.3d 1168, 1176 (11th Cir. 2016) (citing *Jimenez v. Wellstar Health System*, 596 F.3d 1304, 1311 (11th Cir. 2010).

Plaintiff does not allege in the complaint that he engaged in statutorily protected activity while employed by Defendant and that he suffered an adverse employment action as a result.

---

[2] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority.  *See* 11th Cir. R. 36-2.

Rather, he alleges he complained to Defendant about: (1) Defendant's refund policies and changes in the compensation plan; (2) Defendant's tampering with his work schedule; (3) another employee recording Plaintiff on his cellphone; and (4) Defendant's questioning of him regarding a relationship between co-workers. The only protected activity mentioned in Plaintiff's complaint is the charge he filed with the EEOC. However, Plaintiff did not file his EEOC charge until March 5, 2018 (Doc. No. 1, at 5), several weeks **after** Defendant terminated his employment on February 21, 2018 (*id.* at 8). Because his termination preceded any protected activity, it cannot form a basis for Plaintiff's § 1981 claim. *See Hawk v. Atlanta Peach Movers*, 469 F. App'x 783, 786 (11th Cir. 2012). Accordingly, the complaint fails to state a claim for retaliation under § 1981.

    B. <u>Hostile and Abusive Working Environment (Count II)</u>.

Plaintiff does not identify the legal basis for his hostile work environment claim, whether Title VII, the ADA, or otherwise. *See* Doc. No. 1, at 13. The only allegations Plaintiff relies on to establish a hostile work environment include his statements that Defendant tampered with his work schedule and attendance record and that management attempted to coerce him to quit, which created an "uncomfortable environment." *Id.* Plaintiff does not allege that any of these conditions were related to his race, a perceived disability, or any other protected characteristic. Accordingly, Plaintiff's complaint does not plausibly state a claim for hostile work environment. *See, e.g.*, *Trask v. Sec'y, Dep't of Veterans Affairs*, 822 F.3d 1179, 1195 (11th Cir. 2016) (hostile work environment claim under Title VII must be based on protected category); *Thompson v. D.C.*, 272 F. Supp. 3d 17, 23 (D.D.C. 2017) (claimant alleging hostile work environment claim based on disability under ADA must demonstrate causal connection between unwelcome harassment and perceived disability).

C.  ADA (Counts III and IV).

"To state a discrimination claim under the ADA, a plaintiff must allege sufficient facts to plausibly suggest '(1) that he suffers from a disability, (2) that he is a qualified individual, and (3) that a 'covered entity' discriminated against him on account of his disability.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (quoting *Cramer v. Florida*, 117 F.3d 1258, 1264 (11th Cir. 1997)).  The ADA defines the term "disability" as (1) a physical or mental impairment that "substantially limits one or more" of an individual's "major life activities," (2) a "record of such an impairment," or (3) "being regarded as having such an impairment" as described in subsection (1).  42 U.S.C. § 12102(1).  "Under the 'regarded as' prong, a person is 'disabled' if her employer perceives her as having an ADA-qualifying disability, even if there is no factual basis for that perception."  *Carruthers v. BSA Advert., Inc.*, 357 F.3d 1213, 1216 (11th Cir. 2004) (citation omitted).  Qualifying mental impairments do not include impairments that are merely transitory or minor.  42 U.S.C. § 12102(3)(B).

Here, the only allegations by Plaintiff pertaining to any perceived mental disability include that Defendant assumed that Plaintiff may have been suffering from a mental disability because Defendant suggested that he contact the employee help line and told Plaintiff to take a few days off from work.  Doc. No. 1, at 14.  These conclusory assertions are insufficient to state a claim that Defendant perceived Plaintiff to be suffering from a qualifying mental disability under the ADA.  Accordingly, Plaintiff's ADA claim is due to be dismissed.  *See Thompson*, 272 F. Supp. 3d at 21–22 (citation and quotation marks omitted) ("The law is clear that a plaintiff claiming discrimination under the ADA must adequately allege facts sufficient to support the claim that [she] has a 'disability' within the meaning of the ADA, or else be subject to dismissal.").

    D.   <u>Title VII Discrimination (Count IV)</u>.

In Count IV, Plaintiff appears to allege that he was discriminated against based on his race in violation of Title VII. That statute prohibits an employer from discriminating against an employee "with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). To plausibly allege a race discrimination claim under Title VII, "the well-pleaded factual allegations of a complaint [must] plausibly suggest that the plaintiff suffered an adverse employment action due to intentional racial discrimination." *See Surtain*, 789 F.3d at 1246.

Here, Plaintiff alleges that he is an African-American male, but he makes no allegation at all in the complaint that his termination from employment was based on his race or any other protected characteristic. Accordingly, the complaint is insufficient as pled to state a claim for discrimination under Title VII.

    E.   <u>Leave to Amend</u>.

Based on the foregoing, I recommend that the Court find that Plaintiff's complaint is due to be dismissed. I recommend, however, that the dismissal be without prejudice and with leave to amend. A *pro se* plaintiff must generally be given one chance to amend his complaint "if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend." *Silva v. Bieluch*, 351 F.3d 1045, 1048–49 (11th Cir. 2003) (quotation marks and citation omitted).

In an amended complaint, Plaintiff must clearly allege the legal basis of the cause of action, whether a constitutional provision, treaty, statute or common law. Plaintiff must also allege facts supporting his causes of action and showing that they are plausible. Plaintiff should not include argument in the amended complaint. He must allege in the body of the complaint, under a section

entitled "Statement of Facts," how Defendant participated in the activity that allegedly violated his rights. He also must allege specifically how he has been damaged (harmed or injured by the actions and/or omissions of the Defendant(s)).

Finally, because Plaintiff is currently proceeding without a lawyer, the Court directs his attention to the Court's website, http://www.flmd.uscourts.gov. On the Court's homepage, Plaintiff can find basic information and resources for parties who are proceeding without a lawyer in a civil case by clicking on the "For Litigants" tab and then clicking on "Litigants without Lawyers."

### IV.  RECOMMENDATION.

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS without prejudice** Plaintiff's complaint (Doc. No. 1) and **DENY without prejudice** the motion to proceed *in forma pauperis* (Doc. No. 2). I **RECOMMEND** that the Court permit Plaintiff leave to file an amended complaint, within a time established by the Court, and allow him to file a renewed motion to proceed *in forma pauperis*. Finally, I recommend that the Court advise Plaintiff that failure to file a complaint within the time permitted by the Court will result in a dismissal of the case without further notice.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 16, 2019.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy